## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANTZ GERMAIN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1723  (UNA) |
| | ) | |
| BROWARD COUNTY | ) | |
| GOVERNMENT, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## <u>MEMORANDUM OPINION</u>

Now before the Court is plaintiff Frantz Germaine's application to proceed *in forma pauperis* and *pro se* complaint.  The Court will grant the application, and for the reasons stated below, dismiss the complaint.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Suffice it to say that the complaint is difficult to follow.  He brings this action against elected officials in Broward County, Florida, and demands an award of $21 million, for reasons that are not entirely clear.  It appears that plaintiff, his former wife and minor child resided in Broward County until the couple separated and his former wife moved to California with the child.  It further appears that plaintiff's former wife filed for divorce and child custody in Placer County, California, and that the California court's decree, among other things, awarded sole legal and physical custody of the child to plaintiff's former wife and ordered the sale of the family residence in Coconut Creek, Florida.  Plaintiff's claims appear to arise from the recording and execution of the foreign judgment, pursuant to which plaintiff was evicted from the family residence.

Plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a). Missing are statements demonstrating a basis for this Court jurisdiction and plaintiff's entitlement to relief.  Even after reviewing hundreds of pages of exhibits attached to the complaint, the Court cannot identify a viable legal claim against any of the named defendants.

An Order is issued separately.

TREVOR N. McFADDEN
United States District Judge

DATE: July 17, 2023